IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BRANDON DANIEL WILSON,

        Plaintiff

v.                                Case No. 2:23-cv-00402

BENITA MURPHY, Chairperson, WV Parole Board, *et al.*,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PLAINTIFF'S ALLEGATIONS AND PENDING MOTIONS

### A.    Plaintiff's complaint.

On May 22, 2023, Plaintiff, a state prisoner incarcerated at the Huttonsville Correctional Center ("HCC"), filed the instant complaint under 42 U.S.C. § 1983 asserting that he is being imprisoned in violation of state statutes governing parole revocation procedures.  Specifically, Plaintiff alleges that, on May 23, 2022, one day prior to the discharge of his term of parole, he was arrested by Parole Officer David Toler ("Toler") for an alleged parole violation stemming from an incident on July 13, 2021.[1]  (ECF No. 2 at 5-6).  Plaintiff further alleges that, although he had not been

---

[1] Plaintiff's complaint and other documentation do not identify or describe the alleged July 13, 2021 incident or any charges related thereto.

convicted of a new felony offense, Toler asserted that he had violated West Virginia Code § 62-12-19(e).  (*Id.* at 5. 7).

A parole revocation hearing was held on August 8, 2022.  (*Id.* at 5).  However, Plaintiff alleges that West Virginia Code § 62-12-19(c) requires a hearing to be held in 45 days and, thus, his hearing, which was held 77 days after his arrest,[2] was improper and should result in dismissal of the violation charges.  (*Id.* at 5, 7).  Plaintiff further alleges that Toler improperly testified at the hearing that Petitioner had violated 62-12-19(e), notwithstanding that his alleged new criminal charges were still pending after 320 days.  (*Id.* at 7).  Finally, Plaintiff's complaint alleges that, by the time of his revocation hearing, he had already served more than the 60 or 120-day sanctions for a first or second special parole condition violation that does not result from a new felony conviction, as set forth in W. Va Code § 62-12-19(c).  (*Id.* at 6).

Therefore, Plaintiff asserts that Toler and the West Virginia Parole Board have violated these state statutory provisions[3] and that their "misinterpretation of law" kept him from timely and successfully discharging parole and resulted in his improper imprisonment and a loss of income from a business he owned.  (*Id.* at 5-7).  He seeks immediate release from incarceration and monetary damages of $3,000 per day of continued incarceration from May 23, 2022, plus punitive damages in the amount of $2 million.  (*Id.* at 7).

---

[2]  Plaintiff's complaint lists this period as 79 days.  (ECF No. 2 at 5).

[3]  The violation of state law, standing alone, does not give rise to a federal constitutional claim and Plaintiff's complaint does not specify any federal constitutional violations committed by any defendant. Rather, he merely generally asserts that he is being improperly imprisoned resulting from the defendants' alleged misinterpretation of state law.  At best, Plaintiff's complaint might be liberally construed to be raising procedural or substantive due process claims under the Fourteenth Amendment or a cruel and unusual punishment claim under the Eighth Amendment.

### B.    Plaintiff's subsequent motions and other documentation.

Although he did not move for leave to amend his complaint, Plaintiff subsequently filed a "Motion for Injunction," in which he asserts that, in March of 2023, his parole was reinstated, pending approval of a home plan.  (ECF No. 6 at 1).  He further alleges that the "DOC" refuses to submit his home plan unless he withdraws any litigation, including this case.  (*Id.*)  His motion further alleges that, because of filing legal paperwork, he has been subject to retaliation, including hindered delivery of his mail and threatened isolation by staff at HCC,[4] a facility located within the Northern District of West Virginia.  Plaintiff seeks removal from his current facility.  (*Id.* at 2).

On January 12, 2024, Plaintiff also filed a "Notice of Conspiracy to Retaliate by Defendants," in which he asserts that the defendants have engaged in "illegal parole revocation and conspiracy to block entry of home plan, and essentially parole, in retaliation for subsequent legal proceedings."  (ECF No. 8 at 1).  He further asserts that an identical home plan was approved for another inmate at St. Mary's Correctional Center, which, Plaintiff claims, "prov[es] a conspiracy to retaliate against [him] directly for [this] lawsuit against the same defendants."  (*Id.*)

On March 11, 2024, Plaintiff filed an "Addendum to Affidavit" (ECF No. 9).  In that additional documentation, he clarifies that, as of March 5, 2024, he has no new convictions, has not confessed to anything, and has no pending charges.  (*Id.* at 1).  He further claims that, at the time of his arrest in March of 2022, he had completed his one year of parole and, thus, he has essentially been "kidnapped" and held illegally.  (*Id.* at 2).  He further indicates that he filed a state habeas corpus petition, which is currently

---

[4] Plaintiff fails to identify any particular individuals whom he claims are responsible for this alleged retaliation.

pending in the Circuit Court of Randolph County. *See Wilson v. Searls,* No. 23-C-131 (Randolph Cty Cir. Ct.). Plaintiff reiterates his allegations that "the defendants gave [him] parole again[,] [t]hen refused to submit home plan, effectively preventing release[,]" despite an order from Robert Arnold, the Director of Parole Services, to "move forward with a plan to release [him]." (*Id.* at 2). Plaintiff repeats his request for monetary damages from the defendants. (*Id.* at 3).

Finally, on April 3, 2024, Plaintiff filed a "Motion for Emergency Ruling/Motion for Issuance of Ruling." (ECF No. 12). In that motion, he asserts that he is "incarcerated illegally past [his] discharge date in violation of WV 62-12-19 and subsections for being reincarcerated after completing parole." (*Id.* at 1). He further repeats his allegations that, after filing this lawsuit, "3 West Virginia state agencies began to retaliate" and "falsified paperwork to prevent [his] release again" when he "refused to retract suit." (*Id.*) He also repeats allegations that his mail is being intercepted and blocked by officials at HCC (who are not defendants herein) "to interfere with this legal proceeding." (*Id.* at 1-2). Thus, Plaintiff requests an "emergency ruling" requiring the HCC Superintendent and Post Office Administrator to "provide unfettered and unencumbered written and verbal communications with all courts and send and receive all things of 'Legal Notice.'" (*Id.* at 2).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding payment of any filing fee, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A. Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative

5

level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because it appears that Plaintiff's complaint fails to state a claim upon which relief can be granted herein, the undersigned has not ordered service of process on any defendants and recommends summary dismissal of the complaint under section 1915A.

## <u>ANALYSIS</u>

There are several reasons for summary dismissal of Plaintiff's complaint. Before addressing the reasons for dismissal, however, the undersigned takes judicial notice of Plaintiff's pending habeas corpus petition in the Circuit Court of Randolph County,

where counsel was recently appointed to represent him on April 15, 2024.  *See Wilson v. Searls*, No. 23-C-131, Doc. 19-20 (Randolph Cty. Cir. Ct., Apr. 15, 2024).[5]

### A.    Habeas corpus relief and exhaustion requirement.

To the extent that Plaintiff seeks release from custody or dismissal of his parole violation charges he is, in essence, seeking habeas corpus relief.  A civil rights complaint, such as this, is not a substitute for direct appeal or habeas review.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.").

Thus, it is well settled that a petition for a writ of habeas corpus, rather than a complaint under § 1983, is the exclusive remedy for a state prisoner who seeks immediate or speedier release from detention.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Johnson v. Ozmint*, 567 F. Supp.2d 806, 823 (D.S.C. 2008) (holding that release from prison is not a result obtainable in a § 1983 action); *Cook v. Greenwood*, No. 3:20-cv-00011, 2020 WL 3039146, at *4 (S.D.W. Va. May 11, 2020), *report and recommendation adopted*, 2020 WL 3036014 (S.D.W. Va. June 5, 2020).

---

[5]  A court may take judicial notice of public records, such as state and federal court filings.  *See Philips Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006); *Carter v. Florence Cty. Det. Ctr.*, No. 8:21-cv-02963-JFA-JDA, 2021 WL 5890983, at *1 n.1 (D.S.C., Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 5890986 (D.S.C., Nov. 29, 2021).

Moreover, a state prisoner must exhaust available state court remedies before a federal court may consider a claim for habeas corpus relief. *See* 28 U.S.C. § 2254(b); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) ("In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief."); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (explaining that federal habeas corpus is an "avenue of last resort" that should not be pursued until there has been "exhaustion of alternative remedies."). Exhaustion is also required in the context of parole revocation. *See, e.g., Douglas v. Muncy*, 570 F.2d 499, 500 (4th Cir. 1978) (upholding dismissal of a petition for a writ of habeas corpus pertaining to a state parole revocation for failure to exhaust state court remedies); *Taylor v. Mirandy*, No. 1:15-cv-19, 2016 WL 5338085, at *4 (N.D.W. Va. Sept. 23, 2016) (finding that a petitioner seeking federal habeas review of a parole revocation had exhausted state remedies by raising his constitutional challenges to "the highest court in the state of West Virginia."). As noted by another member of this court:

> West Virginia's statutory law and rules govern parole revocation proceedings brought by the State of West Virginia. W. Va. Code § 62-12-12 *et seq.* Section § 92-2-16 of the West Virginia Code of State Rules provides that an inmate who is aggrieved by a decision of the State's Parole Board may challenge that decision by filing "a *state habeas corpus ad subjiciendum* action (W.Va. Code 53-4A-1 et seq.) in the Circuit Court of Kanawha County, the Circuit Court of the County where the Institution is located, or the West Virginia Supreme Court of Appeals, *if* the actions or Decision of the Parole Board is alleged to violate rights provided by the West Virginia Constitution." W. Va. C.S.R. § 92-2-16. As such, [Plaintiff] has an available state remedy in which to attack the constitutionality of his parole revocation. Therefore, [he] must pursue that remedy before presenting the issue to a federal district court.

*Cook, supra*, 2020 WL 3039146, at *5.

Considering Plaintiff's pending state court habeas petition, he clearly has not fully and properly exhausted his state court remedies, which bars habeas corpus review in this federal court. Thus, even to the extent that this court could treat Plaintiff's requests for immediate release from custody as a request for habeas corpus relief, such requests are premature and unexhausted.

**B.    Plaintiff's claims for damages are also presently barred.**

To the extent that Plaintiff seeks monetary damages from the defendants for their actions in relation to his allegedly improper parole revocation and unconstitutional incarceration, his complaint fails to state a cognizable and compensable claim. In *Heck, supra*, 512 U.S. at 486, the Supreme Court held that monetary damages and declaratory relief under § 1983 are not available if judgment in the plaintiff's favor necessarily implies the invalidity or unlawfulness of his confinement or conviction. The *Heck* Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *see also Cook, supra*, 2020 WL 3039146, at *3; *Via v. Fahey*, No. 3:07-cv-00778, 2009 WL 223113, at *2-3 (E.D. Va. Jan. 29, 2009) (finding claims for money damages and injunctive relief stemming from improper revocation of parole and related incarceration to be legally frivolous under *Heck*).

Here, Plaintiff alleges that he has been unconstitutionally imprisoned based upon invalid decisions and actions surrounding his parole revocation. Yet, presently, those

decisions have not been declared invalid or called into doubt by a state or federal tribunal. Any grant of damages for those alleged actions would necessarily call into doubt Plaintiff's parole revocation and current imprisonment. Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims for damages are barred under *Heck* and, therefore, fail to state a claim upon which relief can be granted by this court.

### C.    Plaintiff's retaliation claims and motions for injunctive relief.

As further noted above, Plaintiff has filed additional documentation and motions herein alleging that, since the filing of this lawsuit, the current defendants have conspired and taken actions to prohibit or delay his release from custody unless he withdraws this lawsuit, such as not approving his home plan to be re-released on parole. However, he provides no specific factual allegations against particular defendants, such as identifying the specific individual(s) responsible for the alleged approval of his home plan, and he has not provided enough factual allegations concerning this alleged conduct to put any defendant on notice of the claims against them. Nor has he moved for leave to amend his complaint to add these new allegations. Thus, this court should not address such allegations under the current procedural posture.

Moreover, Plaintiff's additional documents and motions also assert that officials at HCC have engaged in retaliatory conduct, such as delaying or blocking his legal mail and threatening him with segregated confinement. Because these alleged acts arose in a facility located within the jurisdiction and venue of the United States District Court for the Northern District of West Virginia, a separate court from this one, Plaintiff must pursue such claims, if at all, in that court after exhausting the available administrative remedies at the prison. Accordingly, to the extent that Plaintiff's requests made in his

additional documents and motions to be "remove[d] from [his] current facility" and "to provide him with unfettered and unencumbered written and verbal communications with all courts" are construed to be motions for preliminary injunctions, such requests are premature and presently unwarranted.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*"), *vacated on other grounds, Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010) (per curiam).  All four factors must be met to justify this extraordinary relief. *Real Truth*, 575 F.3d at 347.  "Notably, a district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023); *see also Henderson ex rel. NLRB v. Bluefield Hosp. Co.*, 902 F.3d 432, 439 (4th Cir. 2018).

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial.  *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945).  Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard

was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

Thus, the *Real Truth* decision emphasizes that the movant must make a clear showing that he is likely to be irreparably harmed, and particular attention must also be paid to the public consequences in employing the extraordinary remedy of an injunction. The movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Additionally, courts should grant preliminary injunctive relief involving the management of correctional facilities only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Miles v. Bell,* No. 20-cv-2107, 2021 WL 229674, at *5 (D. Md. Jan. 22, 2021) (finding preliminary injunctive relief was not warranted on prison conditions claims).

As Plaintiff's initial complaint fails to state a claim upon which relief can be granted, and he has not moved for leave to amend his complaint or must pursue certain claims in another court, he has not presently demonstrated that he can meet all of the *Winter* factors, particularly the likelihood of success on the merits of his claims herein. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff is not entitled to preliminary injunctive relief as requested and his Motions for Injunction and Emergency Ruling/Issuance of Ruling (ECF Nos. 6 and 12) should be denied without prejudice.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motions for Injunction and Emergency Ruling/Issuance of Ruling (ECF Nos. 6 and 12) and **DISMISS,** without prejudice, Plaintiff's complaint (ECF No. 2) and this civil action under 28 U.S.C. § 1915A.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

April 23, 2024

Dwane L. Tinsley
United States Magistrate Judge