**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRANDON DANIEL WILSON,

                Plaintiff,

v.                                  CIVIL ACTION NO.   2:23-cv-00402

BENITA MURPHY, et al.,

                Defendant.

**ORDER**

Pending before the Court is Plaintiff's complaint.  (ECF No. 2.)  By Standing Order entered in this case on May 23, 2024, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 4.)  Magistrate Judge Tinsley filed his PF&R on April 23, 2024, wherein he recommended that this Court dismiss Plaintiff's complaint without prejudice, since Plaintiff has failed to state a claim for relief.  (ECF No. 13.)  Magistrate Judge Tinsley also recommended that the Court deny Plaintiff's motions for injunctive and emergency relief.  (*Id.*)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review.   28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th

1

Cir. 1984).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff timely filed his objections on May 8, 2024.[1]  (ECF No. 14.)   In those objections, Plaintiff concedes that he has failed to state a claim, but he nevertheless asks the Court to stay his case while he gathers enough information to amend his complaint and state a viable claim.  (*Id.* at 2–3.)   The Court declines that invitation for two reasons.   First, Plaintiff's request for immediate release from custody is moot since he has already been released.  *Wilson v. Searls*, No. CC-42-2023-C-131, Doc. 49-1 (Randolph Cnty. Cir. Ct. Sept. 12, 2024).   Second, although Plaintiff's claim for monetary relief is no longer *Heck*-barred, *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 696–97 (4th Cir. 2015); *Wilson v. Johnson*, 535 F.3d 262, 267 –68 (4th Cir. 2008), the Court finds it more prudent to dismiss this action without prejudice so that Plaintiff can refile a damages claim if and when he gathers sufficient facts to state a viable claim.   The Court thus **ADOPTS** the PF&R, (ECF No. 13), **OVERRULES** Plaintiff's objections, (ECF No. 15), **DENIES** Plaintiff's motions for injunctive and emergency relief, (ECF Nos. 6, 12), and **DISMISSES** this case **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

[1] Prior to filing his objections, Plaintiff sought an extension of time to do so.  (ECF No. 14.)  However, because Plaintiff ultimately filed his objections on time, the Court **DENIES** that motion as **MOOT**.

ENTER:        September 26, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE